## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| BRIAN HAWLEY, | : | Case No. 1:20-cv-681 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| NEYRA MOTOR CARS, LLC, *et al*., | : | |
| | : | |
| Defendants. | : | |

### ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. 10); AND (2) DENYING AS MOOT DEFENDANTS' PARTIAL MOTION TO DISMISS (DOC. 6)

This civil case is before the Court on Defendants Neyra Motor Cars, LLC and

Richard Allen's partial motion to dismiss the complaint (Doc. 6) and the parties'

responsive memoranda (Docs. 9, 12).  Also before the Court is Plaintiff Brian Hawley's

motion for leave to file an amended complaint (Doc. 10) and Defendant's response in

opposition to amend the complaint (Doc. 12).

### I.  BACKGROUND

Plaintiff Brian Hawley filed his first complaint on September 1, 2020 against

Defendants Neyra Motor Cars, LLC and Richard Allen (collectively, the "Neyra

Defendants").  (Doc. 1).  Hawley asserted four causes of action in his initial complaint,

all against both defendants: (1) disability discrimination in violation of the Americans

with Disabilities Act, 42 U.S.C. § 12101, *et seq*.; (2) disability discrimination in violation

of Ohio Rev. Code 4112.02; (3) wrongful termination in violation of Ohio public policy;

and (4) intentional infliction of emotional distress ("IIED").  (*Id*.).

On October 29, 2020, the Neyra Defendants filed a partial motion to dismiss,
requesting the Court to dismiss: (1) the federal disability discrimination claim against
Allen, only; (2) the state disability discrimination claim against Allen, only; (3) the
wrongful termination claim against both Neyra Defendants; and (4) the IIED claim
against both Neyra Defendants.  (Doc. 6).

On November 11, 2020, the parties filed a "stipulation of extension of time to
respond to the motion to dismiss."  (Doc. 8).  This stipulation (against local rules, as
discussed *infra*) was an agreement by the parties to give Hawley an additional 14 days to
respond to the Neyra Defendants' partial motion to dismiss.  (*Id*.).

On December 3, 2020, in response to the motion to dismiss, Hawley filed a
combined response in opposition, or, alternatively, a motion for leave to file an amended
complaint, attaching his proposed amended complaint as an exhibit.  (Docs. 9, 10).[1]
Hawley conceded that the federal disability discrimination claim against Allen should be
dismissed; thus, the proposed amended complaint did not include Allen in this claim.
(Doc. 10 at 2).  Hawley then provided legal arguments against the motion to dismiss the
state disability discrimination claim against Allen and the wrongful termination claim
against both Neyra Defendants.  (Doc. 10 at 2–8).  However, Hawley also provided
amendments to these two claims in his proposed amended complaint.  (*Id*.).  Next, instead
of responding to the Neyra Defendants' arguments in support of dismissing the IIED
claim, Hawley moved to amend that claim to add additional allegations.  (*Id*. at 8–9).

---

[1] Hawley's brief was docketed twice (Docs. 9, 10), because the document was both the response
in opposition to the motion to dismiss (Doc. 9) and the motion for leave to amend (Doc. 10).

Finally, Hawley sought leave to amend his complaint to add an additional claim of aiding and abetting against Allen in violation of Ohio Rev. Code. § 4112.02(J).  (*Id*. at 9).

On December 14, 2020, the parties filed another "stipulation of extension of time." (Doc. 11).  This stipulation (again, against local rules) was an agreement by the parties to give the Neyra Defendants an additional six days to file a reply in support of their motion to dismiss and respond in opposition to the motion for leave to file an amended complaint.  (*Id*.).[2]

On December 21, 2020, the Neyra Defendants filed a combined reply in support of the motion to dismiss and in opposition to the amended complaint.  (Doc. 12).  The Neyra Defendants argued that the wrongful termination claim against both defendants and the state law disability claim against Allen should still be dismissed for failure to state a claim, or, alternatively, because the proposed amendments were futile.  (Doc. 12 at 2–11).  The Neyra defendants also argued that, even with Hawley's proposed new allegations, the amendment to the IIED claim should be denied as futile.  (Doc. 12 at 11–14).  Finally, the Neyra Defendants conceded that the proposed amendment adding an aiding and abetting claim against Allen would be properly pled, and did not argue against allowing Hawley to amend his complaint to add such a claim.  (Doc. 12 at 2, 14).

---

[2] Although the parties treated the motion for leave to file an amended complaint and response in opposition as the same filing, Hawley's motion for leave was a separate filing.  Thus, this "stipulation" was not even needed for the Neyra Defendants' response in opposition to the motion for leave to file an amended complaint (Doc. 10), only the reply in support of their motion to dismiss (Doc. 9).  The six-day "extension" provided the Neyra Defendants a total of 20 days to respond in opposition to the motion for leave.  Pursuant to S.D. Ohio Rule 7.2(a)(2), a party must file a response in opposition within 21 days of service.  Thus, the Neyra Defendants actually shorted themselves one day.

Following the foregoing, both the Neyra Defendants' partial motion to dismiss and

Hawley's motion for leave to file an amended complaint became ripe. In this instance, the

Court will first consider Hawley's motion for leave to file an amended complaint

because, if the Court grants the motion to amend, the amended complaint will supersede

the original pleading and moot the Neyra Defendants' partial motion to dismiss. *See*

*Yates v. Applied Performance Techs, Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002)

("Because amended complaints supersede the original pleading, the filing of the amended

complaint…render[s] the pending motion to dismiss moot.").[3]

## II.  STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 15(a), "leave to amend a pleading shall be freely given

when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citing *Brooks*

*v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).  Rule 15(a) embodies "a liberal policy of

permitting amendments to ensure the determinations of claims on their merits." *Marks v.*

*Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987).  In deciding a party's motion for leave to

amend, the Court of Appeals for the Sixth Circuit has instructed that district courts must

consider several elements, including "[u]ndue delay in filing, lack of notice to the

opposing party, bad faith by the moving party, repeated failure to cure deficiencies by

previous amendments, undue prejudice to the opposing party, and futility of

---

[3] *Cf. id.* at 499–500 (a court may consider a motion to dismiss the initial complaint as addressing the amended complaint, if the amended complaint suffers from the same deficiencies).  Here, Hawley's proposed amended complaint adds additional allegations and a new claim.  Thus, after granting leave to file an amended complaint, as discussed *infra*, the Court declines to consider to the motion to dismiss as addressing the amended complaint.

amendments . . . ."  *Coe, 161 F.3d at 341.*  In the absence of any of these findings, leave

should be "freely given."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Ultimately, determination of whether justice requires the amendment is entrusted

to the sound discretion of a district court.  *Moore v. City of Paducah*, 790 F.2d 557, 559

(6th Cir. 1986).

### III.  ANALYSIS

Hawley's motion for leave to file an amended complaint will be granted.  (Doc.

10).  The Court first notes that, although the Neyra Defendants do not clearly concede

this point, the motion to amend is partially unopposed given that the Neyra Defendants

do not oppose Hawley adding an aiding and abetting claim against Allen.  (Doc. 12 at 2,

14).  Moreover, the proposed amendment cures – which the Neyra Defendants

acknowledge – one of the deficiencies of Hawley's initial complaint, by dropping Allen

from Hawley's federal disability discrimination claim.  (*Id*. at 1).  Thus, Hawley could

have, at least partially, filed an unopposed amendment without seeking leave.  *See* Fed.

R. Civ. P. 15(a)(2).

The Neyra Defendants do oppose parts of Hawley's proposed amended complaint,

contending that the proposed amendments to the state law discrimination claim against

Allen, the wrongful termination claim against both defendants, and the IIED claim

against both defendants in the amended complaint would be futile.  (Doc. 12).  However,

the Court need not reach this futility argument, because the Court finds that Hawley's

proposed amended complaint was timely.

Fed. R. Civ. P. 15(a)(1)(b) states that a party may amend its pleading once as a matter of course if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

In this case, Hawley sought leave to amend his complaint 35 days after the Neyra Defendants filed their partial motion to dismiss.  (Doc. 10).  Hawley moved for leave to file his amended complaint on day 35, after the parties stipulated to a 14-day extension of time for Hawley to respond to the motion to dismiss.  (Doc. 8).

This stipulation of extension of time was against local rules.  Pursuant to S.D. Ohio Local Rule 6.1, the parties may stipulate to an extension of time to plead to a complaint, amended complaint, counterclaim, or comparable pleading without seeking leave of court.  However, that rule "**does not permit stipulated extensions of time to respond to motions**, Court orders, or other deadlines."  *Id*. (emphasis added).

Thus, this Court now construes the stipulated extension of time as an unopposed motion for extension of time.  The Court, in its own discretion and out of respect for the local rules, may make such a construction.  *AES-Apex Emp. Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) (quotation omitted) ("Docket control, however, is something that rests in the sound discretion of the district court.").  And, for good cause shown, the Court retrospectively grants the 14-day unopposed motion for extension of time to allow Hawley to respond to the motion to dismiss.  Thus, the Court considers both Hawley's opposition and motion for leave to file an amended complaint as timely-filed

responses to the Neyra Defendants' partial motion to dismiss.  (Docs. 8, 9, 10). [4] *See,*

*e.g., Wilson v. Chagrin Valley Steel Erectors, Inc.*, No. 2:16-CV-1084, 2017 WL

2983036, at \*2 (S.D. Ohio July 12, 2017).

As appropriate, and permitted, a response to a motion to dismiss for failure to state

a claim is a timely-filed amendment as a matter of course pursuant to Rule 15(a)(1)(B).[5]

Accordingly, had the parties appropriately filed an unopposed extension of time – an

unopposed extension which the Court now grants – Hawley could have filed his amended

complaint as a matter course instead of seeking leave.  (Doc. 10).  Nevertheless, given the

procedural posture of this case, liberal interpretation of Rule 15, and in this Court's

discretion, Hawley's motion for leave to file an amended complaint is granted because

the amendment was timely.[6]   The Neydra Defendants' partial motion to dismiss is denied

as moot.

---

[4] Similarly, the second "stipulation of extension of time" (Doc. 11) for the Neyra Defendants to file their reply in support was against local rules, and, as previously noted, was unnecessary for the response in opposition.  As the Court did with the first stipulation, the Court construes this stipulation as an unopposed motion.  The Court grants the unopposed motion and considers the arguments presented in the Neyra Defendants' reply in support of their motion to dismiss and response in opposition to the motion for as timely-filed.  (Doc. 12).

[5] The purpose of allowing responsive amendments as a matter of course is to allow the pleader to consider "carefully and promptly the wisdom of amending to meet the arguments" presented by the motion to dismiss which may "reduce the number of issues to be decided."  Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment.  The proposed amended complaint already fixes certain issues raised in the motion to dismiss.

[6] Notwithstanding the foregoing, granting leave to amend in this case, and without wading into the parties' arguments on whether Hawley stated certain claims and/or futility of the amendment as to certain claims, will give the parties a clear, operative pleading to address.  When addressing this operative pleading and moving forward, the parties shall abide by the rules of this Court.

## IV.  CONCLUSION

Based upon the foregoing:

1. Plaintiff Brian Hawley's motion to amend the complaint (Doc. 10) is **GRANTED**.  Plaintiff shall file an amended complaint within 14 days of this order; and,

2. Defendants Neyra Motor Cars, LLC and Richard Allen's partial motion to dismiss the complaint (Doc. 6) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

Date:  April 6, 2021                                    *s/ Timothy S. Black*
                                                          Timothy S. Black
                                                          United States District Judge

8